# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE MAISANO,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WEXFORD MEDICAL SERVICES also known as WEXFORD HEALTH SERVICES also known as WEXFORD HEALTH SORCES, INC.; DOCTOR GARCIA; UNITED STATES GENERAL ERIC HIMPTON HOLDER, JR.; DEPTY WARDEN D. LUNDBURG; CAPTAIN ROBINSON; WARDEN T. SCHROEDER; DIRECTOR A DOC CHARLES RYAN; ARIZ. GOV. JAN BREWER; ATTY GEN TOM HORNE; U.S. SENATOR McCAIN; SENATOR KYLE; U.S. HOUSE REPRESENTATIVES JEFF FLAKE; TRENT FRANKS; PAUL GASAR; RAUL GRIJALVA; ED PASTOR; BEN QUAYLE; DAVID SCHWEIKERT; STATE OF ARIZONA,<br>　　　　　Defendants. | Civil Action No. 12-1705<br><br>Judge Cathy Bissoon/<br>Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

Dale Frank Maisano ("Plaintiff") is a prisoner in the custody of the Arizona state authorities, currently housed in the Arizona State Prison Complex Tucson, serving a sentence for aggravated assault. Plaintiff is the classic abusive prisoner litigant. According to PACER, a search for cases filed by a "Dale Maisano" or "Dale Frank Maisano", reveals that he has filed roughly 298 civil actions in the United States District Courts, mostly in Arizona but, more recently, he filed two cases in this District. He has also filed about 26 appeals to the United States Court of Appeals for the Ninth Circuit. In fact, since June 1, 2012, Plaintiff has filed a total of 43 cases in the United States District Courts. As a consequence of his filing so many

frivolous cases over the years, not only has he accumulated many more than three strikes under 28 U.S.C. § 1915(e), he is subject to an injunction issued by the United States District Court for the District of Arizona that bars Plaintiff from filing any further actions without leave of the District Court in which he seeks to file the action. ECF No. 1-1 at 1. More specifically, the injunction provides that "upon a failure to certify, or upon a false certification, that any claims presented have not been raised and disposed of before, Plaintiff may be found in contempt of court or the Court may enter other available sanctions." ECF No. 1-1 at 6.

Pursuant to the injunction, Plaintiff did provide to this Court a certification, "certifying that the claim or claims presented are new and have never been raised and disposed of on the merits by any federal court. I do certify to the best of my knowledge the claim or claims presented are not frivolous. . . ." ECF No. 1 at 1.

Now, in this Court, Plaintiff has filed an "Application Pursuant to Court Order Seeking Leave to File" (the "Application"), ECF No. 1, and attached to the Application was a proposed Complaint. By means of the Application, Plaintiff seeks leave to file in this Court the proposed Complaint to raise claims that he was "refused medical care for an ongoing well documented medical issue dating back to 6-6-1986." ECF No. 1-3 at 2. In the proposed Complaint, Plaintiff also complains generally that "[m]y issue is quite simple, I'm suffering daily at the hand[s] of wack job doctors such as Castsaros and now via space doctor Garcia, one more Wexford Wack Job." ECF N. 1-3 at 2. The proposed Complaint concerns treatment or allegedly, lack thereof received by Plaintiff in Arizona. The only apparent connection to this District is contained in a grievance attached as an exhibit ("Exhibit B") to the proposed complaint. ECF No. 1-5 at 1. In Exhibit B, Plaintiff complains that "On 11-13-12 at 2 PM I was called into see Doctor Castsaros, he states 'You have had a medical review by Dr. Garcia of Wexford, Pittsburgh, PA. Number

2

One, we find no reason for treatment of lower back. And second we find no reason to treat your face for numbness.' I said Quack." ECF No. 1-5 at 1.

The Application should be denied for at least two reasons. One reason is that Plaintiff falsely averred that he had never raised the claim of lack of treatment for his back and face numbness and that the claim is not frivolous. However, we find that he has indeed previously complained of lack of treatment for his back pain and face numbness. Second, permitting the claim to go forward would be an exercise in futility as the case would be dismissible for failure to exhaust administrative remedies.

First, we find essentially that Plaintiff has falsely averred in his certification that the claim that he was not being treated for his bad back and/or face numbness was "new" and "ha[s] never been raised and disposed of on the merit [sic] by any federal court. . . . The claim or claims present are not frivolous or taken in bad faith." ECF No. 1 at 1. We find that Plaintiff made false averments because we find that he has previously raised claims that his back and face numbness were not being treated and, hence the claim is not "new." See, e.g., Maisano v. Deguzman, No. 12-cv-262 (D.Ariz. ECF No. 1 at 2) (Plaintiff complained that "My single major issue is 'Denied any and all medical care by Doctor Deguzman[,] to wit, shooting head pains, my lower back and leggs [sic] hurting, . . . . hurt back, requested help.'"). Accordingly, we find that Plaintiff's averments that these claims are "new" to be false.

Secondly, we find his averment that the claim is not frivolous to be false also. Because Plaintiff deliberately failed to exhaust his administrative remedies prior to filing this suit, it is, indeed, "frivolous." See, e.g., Reed v. CCA/Crossroads Correctional Center, No. CV 12–00084, 2012 WL 5830582, at *4 (D.Mont. Oct. 25, 2012) ("Mr. Reed's deliberate failure to exhaust his administrative remedies makes this action frivolous.").

3

Plaintiff's lack of treatment allegedly occurred on November 13, 2012. Both Plaintiff's Application and his proposed Complaint were signed on November 14, 2012, merely one day following the date that his cause of action arose and pursuant to the prisoner mail box rule, are considered to have been filed on November 14, 2012. The Clerk's Office received the Application along with the proposed Complaint on November 21, 2012. Whatever the Administrative Remedies promulgated by the Arizona Department of Corrections, one day is simply not sufficient to exhaust those remedies.[1] Because a prisoner is required to exhaust administrative remedies before initiating a civil action, and cannot do so while the civil action is pending, Plaintiff's Complaint would have to be dismissed prior to service in any event and so, the current action is both frivolous, Reed v. CCA/Crossroads Correctional Center, and, even if permitted to be filed, dismissible prior to being served. Oriakhi v. U.S., 165 F. App'x 991, 993 (3d Cir. 2006) ("Oriakhi's administrative remedies were not exhausted prior to the initiation of suit. The fact that he completed the administrative review process before the District Court reached the exhaustion question is of no consequence. Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."); Thompson v. Michigan Dept. of Corrections, 23 F. App'x 486 (6th Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) ("The plain language of the statute makes exhaustion a precondition to filing an action in federal court .... The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."), *abrogation on other grounds*

---

[1] We do take judicial notice of the Arizona Department of Corrections grievance policy setting forth a three step process for the formal grievance process, which is available at:

http://www.azcorrections.gov/Policies/800/0802.pdf

(site last visited 12/4/2012).

*as recognized in*, Pippin v. Allgood, No. 2012 WL 5933002, at *2 (M.D.Tenn., Nov. 27, 2012)). See also Rivera v. Pennsylvania Dept. of Corrections, NO. CIV.A. 09-1604, 2010 WL 4318584 at *1 n.1 (W.D.Pa. Oct. 26, 2010) ("In the context of dismissing a prisoner-plaintiff's complaint pre-service for failing to exhaust administrative remedies, the [United States Supreme] Court stated '[a]s noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim.'") (quoting Jones v. Bock, 549 U.S. 199, 216 (2007)). Accordingly, because Plaintiff failed to exhaust his administrative remedies prior to initiating the instant civil action, the Application should be denied because the filing of an action by a prisoner who fails to exhaust is frivolous, and in addition, the Complaint would be dismissible pre-service in any event even if the Application were to be granted.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Application should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

            s/ Maureen P. Kelly
            MAUREEN P. KELLY
            UNITED STATES MAGISTRATE JUDGE

Dated: December 5, 2012

cc: Hon. Cathy Bissoon
   United States District Judge

Dale Maisano
#077877
Arizona State Prison Complex Tucson
Manzanita 4 B 24 B
P.O. Box 24401
Tucson, AZ 85734